UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:23 CR 312 |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| CARNELL MATHEWS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, Carnell Mathews' Motion to Reconsider Order of Detention. (ECF #16). The Government filed a Response in Opposition. (#17). For the reasons set forth below, Defendant's motion is DENIED.

## **PROCEDURAL HISTORY**

An elevn count Indictment was filed against Mr. Mathews on June 15, 2023 charging him with five counts of Distribution of Cocaine (Counts 1, 2, 4, 5, 6) ; one count of Distribution of Heroin, Cocaine, Fentanyl, and Acetylfentanyl (Count 3); one count of Possession with Intent to Distribute Cocaine Base ("Crack") (Count 7); and, one count of Possession with Intent to Distribute Cocaine (Count 8), all in violation of 21 U.S.C. §§841(a)(1) and (b)(1(C). Mr. Mathews was also charged with one count of Possession with Intent to Distribute Heroin, Cocaine, Fentanyl, and Acetylfentanyl (Count 9), in violation of 21 U.S.C. §§841(a)(1) and (b)(1(B); one count of being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C.

§§922(g)(1) and 924(a)(8); and, one count of being a Felon in Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §924(c)(1)(A)(i).  (ECF #1).  He appeared before Magistrate Judge James Grimes on August 17, 2023 for an arraignment.  The government moved for detention and Mr. Mathews was remanded the custody of the U.S. Marshals pending his detention hearing.  (ECF #7).

The detention hearing was held before Magistrate Judge Thomas M. Parker on August 24,, 2023.  Following the initial detention hearing, Magistrate Judge Parker found that Mr. Mathews had not introduced sufficient evidence to rebut the presumption of detention established by 18 U.S.C. §3142(e)(3).  Further, Magistrate Parker found that the government had established by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community if Mr. Mathews were to be released pending trial.  In support of that finding, the Magistrate noted that the weight of the evidence against Mr. Mathews is strong; he is subject to a lengthy period of incarceration if convicted; he has a significant criminal history, including a history of violence and/or use of weapons; and, he has a history of substance abuse.   Finally, there was evidence that Mr. Mathews had previously failed to appear in court when ordered, and that he had attempted to destroy evidence at the time of execution of a search warrant.  (ECF #11).  The Defendant now seeks review and revocation of the detention order.

## STANDARD OF REVIEW

Under 18 U.S.C. §3145(b), a person who has been ordered detained by a magistrate judge may seek revocation or amendment of the order from the district court.  District courts are to

2

review a magistrate judge's detention order *de novo*.  *United States v. Bokorquez*, No. 1:22-CR-57, 2022 WL 1521946, at *3 (N.D. Ohio May 12, 2022).

## ANALYSIS

If the court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," it shall order the detention of the person pending trial.  18 U.S.C. §3142(e).  Detention may be based on the risk or non-appearance or the risk of safety to other persons and the community, the court need not find that both risks are present.  *United States v. Ferranti*, 66 F.3d 540, 543-44 (2d Cir. 1995).  A risk of non-appearance can be proven by a preponderance of the evidence, while safety risks must be established by clear and convincing evidence.  *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

When there is probable cause to believe that the defendant has committed a controlled substances offense that carries a maximum term of imprisonment of ten years or more, or a firearm offense under section 924(c), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.  18 U.S.C. §3142(e)(3)(A) and (B).  This presumption applies to Mr. Mathews' case because he has been indicted for two qualifying firearm offenses, and multiple qualifying controlled substances offenses.

The Defendant has not provided sufficient evidence to rebut the presumption of detention in this case.  He does not challenge any of the conclusions made by the Magistrate Judge at the original hearing.  Nor does he provide any evidence that would support a finding that he does not

3

pose a danger to the community, and is not at risk for non-appearance.   Although he cites roots in the community, Mr. Mathews acknowledges that he has prior criminal history, and that a firearm was recovered from his girlfriend's house.   He does not offer any evidence to rebut the government's assertion that guns and drugs were also found at his house.

Instead, he seeks reconsideration based on medical concerns.   Mr. Mathews asserts that he has a bullet lodged in his neck from a gunshot wound he suffered prior to his arrest in this case. This condition was known to him at the time of his original hearing.   He states that he was attempting to arrange for surgery prior to his arrest but had not scheduled surgery date.   Mr. Mathews' medical concerns do not rebut the presumption of detention.   He does not allege that his injury is incapacitating to the point that would prevent him from being a danger to the community. Further, he has not alleged that surgery could be scheduled prior to trial even if he were released. The medical records he has submitted show that the institution where he is housed has examined him and is monitoring his injury.

Even if he had presented evidence sufficient to rebut the presumption of detention, the §3142(g) factors weigh against his release.   Under 18 U.S.C. §3142(g), courts must consider four factors when determining whether the safety of the community and other persons can be reasonably assured without detention: (1) the nature and circumstances of the crime charged, including whether it involves a firearm or a controlled substance offense; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and, (4) the nature and seriousness of the danger to any person or the community that defendant's release would pose. All of these factors weigh in favor of detention.

There is strong evidence obtained through the multiple controlled buys and a search of the

4

Defendant's house to support charges involving both firearms and the distribution of controlled substances.  Federal agents seized cocaine, cocaine base, heroin, fentanyl and acetylfentanyl, as well as two firearms from Mr. Mathews's house when executing a search warrant.  The distribution of these drugs poses a serious and imminent danger to the community as these drugs are causing grave harm, including death by overdose, in communities all over Northern Ohio. Drug trafficking, is consistently viewed by courts as a serious offense that undoubtedly poses a serious danger to the community. *See, United States v. Stone*, 608 F.3d 948 (6th Cir. 2010).  In this case that danger is heightened even more by the evidence that Defendant had access to firearms.

The Defendant's history and characteristics also support a finding of dangerousness to the community.   Mr. Mathews is a repeat offender with past convictions for carrying a concealed weapon; trafficking in drugs; felonious assault; possession of drugs; robbery; and having weapons while under disability.   These convictions range from 1995 to 2011, and indicate that he has not been able to conform his behavior to the law based on past experience or the threat of future consequences.  This creates a strong likelihood that he would continue to engage in illicit activities that are damaging to others and the community if he were to be released.  All of these factors combine to show, by clear and convincing evidence, that there is no condition or combination of conditions that could reasonably ensure the safety of others and the community if Mr. Mathews were to be released pending trial.

Finally, Mr. Mathews is facing a mandatory minimum sentence of ten years in prison. There is a presumption that this potential sentence creates a risk of non-appearance.  At the original hearing, evidence was presented that Mr. Mathews tried to destroy evidence in this case, and that he has a history of repeated non-appearance in prior cases.  (ECF #10, 11).  He also has

admitted to a history (right up to his arrest in this case) of illegal substance use.  (EF #10).  This evidence supports a finding that he presents a risk of non-appearance that can only be alleviated by detention.

## CONCLUSION

For the reasons set forth above, the Court finds that there is no condition or combination of conditions that could adequately protect individuals and the community from danger if Mr. Mathews were to be released pending trial.  Mr. Mathews's Motion to Reconsider Order of Detention is, therefore,  DENIED.  (ECF #16).

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED October 19, 2023

6